**JUVENILE COURT PROCEDURAL RULES COMMITTEE
ADOPTION REPORT**

**Amendment of Pa.R.J.C.P. 515**

On December 1, 2022, the Supreme Court amended Pennsylvania Rule of Juvenile Court Procedure 515 to require the juvenile court to include any conditions of probation, if not enumerated in the dispositional order, be attached to the order. The Juvenile Court Procedural Rules Committee has prepared this Adoption Report describing the rulemaking process. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, Comment. The statements contained herein are those of the Committee, not the Court.

In the disposition of a delinquent juvenile, the Juvenile Act permits the court to place a juvenile on probation "under conditions and limitations the court prescribes." 42 Pa.C.S. § 6352(a)(2). The terms and conditions must be stated by the court on the record at the time of disposition. *See id.* § 6252(c); Pa.R.J.C.P. 512(D)(3). The Committee understood that it may not be a consistent statewide practice for the court to impose the conditions of probation at the time of disposition. Instead, some courts appear to delegate the imposition of appropriate conditions to the juvenile probation office after disposition.

The Committee believed the rules should reinforce that the juvenile court judge, and not the probation department, is to impose the conditions of probation at the time of the disposition. Accordingly, the Committee proposed amending the Comment to Pa.R.J.C.P. 515 to advise courts that, if the conditions are not set forth in the order, then the conditions should be attached to the order. This language was intended to accommodate the process whereby the juvenile probation officer hands up written conditions of probation at the time of the dispositional hearing, which may be accepted, in whole or in part, by the judge.

The proposal was published for comment. *See* 52 Pa.B. 11 (January 1, 2022). No comments were received. Post-publication, the proposed advisement in the commentary was elevated to the rule text of subdivision (a)(1) to require that any conditions of probation be included in the dispositional order and, if not included, then attached to the order.

Aside from stylistic revisions, the following commentary is being removed from the rule:

Official Note: Rule 515 adopted April 1, 2005, effective October 1, 2005. Amended August 20, 2007, effective December 1, 2007. Amended July 28, 2009, effective immediately. Amended December 24, 2009, effective immediately. Amended April 29, 2011, effective July 1, 2011. Amended

February 13, 2019, effective June 28, 2019.  Amended October 22, 2021, effective April 1, 2022.

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 515 published with the Court's Order at 35 Pa.B. 2214 (April 16, 2005).  Final Report explaining the amendments to Rule 515 published with the Court's Order at 37 Pa.B. 4866 (September 8, 2007).  Final Report explaining the amendment to Rule 515 published with the Court's Order at 39 Pa.B. 4743 (August 8, 2009).  Final Report explaining the amendments to Rule 515 published with the Court's Order at 40 Pa.B. 222 (January 9, 2010).  Final Report explaining the amendments to Rule 515 published with the Courts Order at 41 Pa.B. 2413 (May 14, 2011).  Final Report explaining the amendments to Rule 515 published with the Court's Order at 49 Pa.B. 916 (March 2, 2019).  Final Report explaining the amendments to Rule 515 published with the Court's Order at 51 Pa.B. __ (__ __, 2021).

\*      \*      \*

This amendment becomes effective April 1, 2023.